

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Roy L. Hill
County Attorney
Runnels County
Ballinger, Texas

Dear Sir;

Opinion No. 0-2722
Re: Where a common school dis-
trict is consolidated with
an independent school dis-
trict, may the new district
assess the property of the
portion that was formerly
in the common school dis-
trict at a lesser percent-
age of its actual value
than the property of the
portion of the new district
which was formerly in the
independent school district?

We are in receipt of your letter of September 9,
1940, in which you request an opinion of this department on
the following question contained therein:

"'Where a Common School District is con-
solidated with an Independent School District,
the common School Districts have a fifty (50)
cents tax. When the consolidation is perfected,
that would raise the tax to One ($1.00) Dollar.
Could the Independent District assess that part
of this district, which was formerly the Common
School District, below State and County valua-
tion; and not assess the other part of the dis-
trict on the same basis?'"

Apparently the consolidation you refer to took place under the authority of Article 2806 of the Revised Civil Statutes, which reads, in part, as follows:

"Common school districts may in like manner be consolidated with contiguous independent school districts, and the district so created shall be known by the name of the independent school district included therein, and the management of the new district shall be under the existing board of trustees of the independent school district, and all the rights and privileges granted to independent districts by the laws of this State shall be given to the consolidated independent district created under the provisions of this law; . . ." (Emphasis ours)

We wish to call your attention to that part of Article 2806, above quoted, which provides that the new consolidated independent district has all the rights and privileges granted to independent districts by the laws of this State. The taxing power is granted to such independent districts by Article 2784 of the Revised Civil Statutes which reads, in part, as follows:

"The commissioners court for the common school districts in its county, and the district school trustees for the independent school districts incorporated for school purposes only; shall have power to levy and cause to be collected the annual taxes and to issue the bonds herein authorized, subject to the following provisions:

". . . and in independent districts for the maintenance of schools therein, an ad valorem tax, not to exceed one dollar on the one hundred dollars valuation of taxable property of the district."

Based on the above quoted article, this department ruled in Opinion No. O-2623 as follows:

Honorable Roy L. Hill, Page 3

"We feel sure that the school authorities
of Meridian Independent School District are en-
tirely familiar with the above statutes, and
we can only advise, in the absence of a more
specific question, that they may proceed to
levy, assess and collect taxes of the newly
created district, under the same procedure fol-
lowed by them in levying, assessing and col-
lecting taxes for said district prior to its
consolidation with Midway District No. 63,
Bosque County. Said Consolidation of date June
4, 1940, does not in any way alter the procedure
outlined by the above statutes for the levy,
assessment and collection of taxes for independ-
ent school districts, or defeat the right of
Meridian Independent School District to levy,
assess and collect taxes in the amount voted,
from persons and property of the old common school
district for the current year."

Apparently from your question the new independent
district wishes to value the property of the part that was
formerly the common school district at a lesser percentage
than the percentage taken of the value of the property that
was formerly in the independent school district. You are
advised that this may not be done because such action would
unquestionably be in violation of Section 1 of Article 8 of
the Constitution of Texas, which reads, in part, as follows:

"Taxation shall be equal and uniform. All
property in this State, whether owned by natural
persons or corporations, other than municipal,
shall be taxed in proportion to its value, which
shall be ascertained as may be provided by law.
. . ."

The courts of this State have on numerous occasions
held that the above quoted provision of the Constitution re-
quires that all the property within a taxing district be taxed
equally and uniformly. This would require the use of the same
percentage of the actual value of all of the property as a
basis for the tax. The Texarkana Court of Civil Appeals in
the case of Mullins v. Colfax Consolidated School District,
18 S. W. (2d) 940, stated as follows concerning the Colfax
Consolidated School District;

Honorable Roy L. Hill, Page 4

"It is in strict accordance with fundamental law that all taxable property within the consolidated district, as a taxing district, should be taxed uniformly, and that there should not be a nonuniformity of tax rate for the same public purposes. . ."

In the case of Weatherly Independent School District v. Hughes, 41 S. W. (2d) 445, said school district attempted to value part of the property of said district at one hundred per cent of its actual value and value other property in the same district at only fifty per cent of its value. The Amarillo Court of Civil Appeals held that such procedure was in violation of Section 1 of Article 8 of the Constitution of Texas, and stated as follows:

"The record, in our view of the case, shows fully a discrimination in the independent school district's valuation, in this: The valuation placed on plaintiffs' land by the independent school district board was $10 per acre and the land was taxed 100 per cent. It appears clear from the evidence before the trial court that the plaintiffs' land was taxed upon such 100 per cent valuation and that the lands of the witness who did testify as to the valuation of his land were taxed at much less than 50 per cent of their value.

". . .

"The levying of a tax upon the plaintiffs' land by which they are discriminated against is a taking of their property without due process of law. This amounts to legal fraud and justifies the issuance of an injunction against the collection of such illegal tax. Such a discrimination violates plaintiffs' right to have the tax uniformly levied against their property, and equal with those of other tax payers.

". . .

"Taxes are 'equal and uniform' within the Constitution when no person or class of persons in the territory taxed, is taxed at a higher rate than others in the same district upon the

same values or thing and when the objects of taxes are the same by whomsoever owned or whatever they be. . .

"The rule laid down that taxes shall be equal and uniform applies to municipal as well as state taxes. City of Austin v. Austin Gas-Light, etc., Co., 69 Tex. 180, 187, 7 S. W. 200."

The same rule of law was laid down by the Eastland Court of Civil Appeals in the case of Hunt v. Throckmorton Independent School District, 59 S. W. (2d) 470. The court stated as follows:

"We have above referred to certain testimony adduced on the trial, but the testimony generally in connection with that specifically referred to, when properly and reasonably construed, discloses that the defendant's property was valued at 100 per cent of its market value on January 1, 1930, whereas other property in the district, namely, farm lands and city property, were taken at 50 per cent or less of their value. The plan adopted and above discussed logically led to inequality and discrimination. . . ."

To the same effect see the case of Santa Rosa v. Lyford Independent School District, 73 S. W. (2d) 1061, by the San Antonio Court of Civil Appeals.

You are therefore advised that the new consolidated independent district you refer to may not for tax purposes value the property of a portion of the district at a lesser percentage of its actual value than the percentage used for the rest of the property of such district.

Yours very truly

APPROVED SEP 16, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

BG:ew